## UNITED STATES v. YUSEM.

(District Court, E. D. Pennsylvania. October 20, 1924.)

### No. 747.

**1. Post office ⬤⟹49—Evidence of bankruptcy held admissible in prosecution for using mails to defraud.**

In a prosecution for using the mails to defraud, by sending out to dealers false statements of the financial condition of a partnership, in which defendant was the active member, for the purpose of obtaining goods on credit, evidence that the firm was adjudged bankrupt within two or three months after the making of such statements, showing a large surplus of assets, *held* admissible on the issue of fraudulent intent.

**2. Criminal law ⬤⟹877—Acquittal of one of two partners charged with using the mails to defraud held not to require acquittal of the other.**

Where two partners were charged, under Criminal Code, § 215 (Comp. St. § 10385), with using the mails to defraud, the acquittal of one does not require acquittal of the other as under a charge of conspiracy.

Criminal prosecution by the United States against David R. Yusem. On motion for new trial and in arrest of judgment. Denied.

George W. Coles, U. S. Dist. Atty., and L. Le Roy Deininger, Asst. U. S. Dist. Atty., both of Philadelphia, Pa.

Harry Shapiro, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The defendant, David R. Yusem, and his brother, Maurice Yusem, were jointly indicted under section 215 of the Criminal Code (Comp. St. § 10385), charging them with having devised a scheme and artifice to defraud, and of using the mails in execution thereof, by falsely and fraudulently misrepresenting the financial condition of the firm in which they were partners, and by sending through the mail such false financial statements, and thereby inducing dealers to sell and deliver merchandise to them, with intent to defraud the sellers of the purchase price. The government having failed to present sufficient testimony to connect Maurice Yusem with the commission of the offense, a verdict of not guilty was directed as to him. David R. Yusem was found guilty.

The grounds upon which the present motions rest are not, in my opinion, tenable. The testimony showed that David R. Yusem was the active member of the firm, that the items of liabilities and assets set out in the financial statements mailed to dealers were obtained by him from the bookkeeper, and, although the statements set out that the figures were taken from the books, it was shown that the defendant substituted figures of his own for those furnished by the bookkeeper, and that from these figures he made up statements in his own handwriting, and gave them to her with directions to make typewritten copies, and that these copies were mailed over his signature to dealers. While the government failed to show a difference between the surplus of assets over liabilities to the extent set out in the indictment, because, as to some items, exact knowledge of the condition of the books was not brought home to the defendant, yet it was shown that there was such difference in the amount of surplus represented by the defendant's statements, consisting of items within his knowledge, to carry the case to the jury as evidence of intent to deceive.

[1] Testimony was admitted over the defendant's objection of the fact that, within two or three months after the sending of the final statement through the mails, the copartnership was adjudged bankrupt on the ground of insolvency and preferential payment to creditors. This evidence was properly admitted for two purposes: First, to show by the adjudication in bankruptcy the insolvency of the defendant within a short time after he had represented his firm as possessed of a large surplus; and, second, to show by that fact the intention of the defendant to defraud. While the crime is complete under section 215 at the time of the use of the mails, and it is not necessary to show its success by the subsequent condition of the defendant's assets and liabilities, yet, if the subsequent condition is sufficiently near in time to the date of the use of the mails, such evidence is, in my opinion, admissible. It goes to the question of the fraudulent intent of carrying out of the scheme. Bettman v. United States, 224 F. 819, 140 C. C. A. 265; Wilson v. United States, 190 F. 427, 111 C. C. A. 231; O'Hara v. United States, 129 F. 551, 64 C. C. A. 81; McGregor v. United States, 134 F. 187, 69 C. C. A. 477.

[2] I fail to see any merit in the contention on behalf of the defendant that an acquittal should have been directed because his partner, Maurice Yusem, was acquitted by direction of the court.

It is urged that the charge in the indictment against the two defendants is in the nature of a conspiracy. An essential element of that charge is the conspiring together of two or more persons. Unless it is shown that a person on trial conspired

with another, he must be acquitted. It is not so upon a charge of using the mails in furtherance of a scheme to defraud, under section 215. The use of the mails in execution of a scheme to defraud is the gist of the offense. O'Hara v. United States, 129 F. 551, 64 C. C. A. 81; Durland v. United States, 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709. And there was ample evidence to show that the alleged fraudulent statements were deposited in the mails at the instance and at the direction of the defendant.

The motions for a new trial and in arrest of judgment are denied. It is ordered that the defendant appear in court for sentence on Wednesday, October 22, at 10 a. m.